IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LYNDON MORGAN,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | | |
| § | CIVIL ACTION NO. | |
| § | 5:19-cv-14 | |
| § | | |
| **LIFE INSURANCE COMPANY** § | | |
| **OF NORTH AMERICA,** § | | |
| Defendant § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Life Insurance Company of North America wrongfully terminated Lyndon Morgan's long-term disability benefits.

### I. PARTIES

1. Plaintiff Lyndon Morgan is a resident of San Antonio, Bexar County, Texas.

2. Defendant Life Insurance Company of North America (LINA) is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process CT Corporation System, 350 North St. Paul St., Dallas, Texas  75201.

### II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B).  This court has

1

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Morgan at his home in San Antonio, Texas.

### III. STATEMENT OF FACTS

4. From April 2006 until November 17, 2015, Morgan worked as a machinist for Southwest Research. Using manual and computer numeric control (CNC) lathes and mills, he manufactured precision-machined parts out of metals and plastics for research and development projects being conducted by Southwest Research. Within the vocational categories used by LINA and the Social Security Department when conducting disability assessments, his work was categorized as "heavy" work, requiring exertion of 50 to 100 pounds of force occasionally, 25 to 50 pounds of force frequently, and 10 to 20 pounds of force constantly. He earned $33 per hour at the time that he could no longer perform his job responsibilities due to his physical impairments.

5. Morgan underwent a left hip replacement in July of 2012 due to avascular necrosis that was first diagnosed in 2010. As a result of his hip replacement, his left leg was ¾ of an inch longer than his right and he had to start wearing a prosthetic shoe. In November of 2014 he had a stroke. In July 2017 he had a right hip replacement due to avascular necrosis. After his hip surgeries, the pain in his hips and other joints increased. He was prescribed opiates to reduce his

debilitating pain. His hope was that the medications would allow him to continue working. Despite his efforts to keep working, by November 17, 2015, Morgan could no longer perform his work due to his pain, fatigue, and lack of mobility caused by tachycardia, avascular necrosis, stroke, and arteriosclerosis. He was 55 years old at the time that he became disabled.

6. By virtue of his employment with Southwest Research, Morgan had long-term disability (LTD) coverage. The LTD coverage is an employer-sponsored group benefit plan administered and underwritten by LINA.

7. Since he was no longer able to perform his occupation due to limited mobility and chronic pain, even with strong pain medications, Morgan applied for disability benefits. He was approved for LTD benefits. His LTD benefit, 60% of his pre-disability earnings, was $3,350 per month.

8. Contemporaneously, he submitted a disability claim to the Social Security Administration (SSA). After an independent medical examination and a vocational assessment, he was approved for disability benefits by the SSA without a hearing. Social Security disability benefits are limited to those individuals who the SSA finds to be disabled from any occupation. The SSA found that Morgan was disabled as of November 17, 2015, his first day absent from Southwest Research. His base benefit (his benefit before any cost of living increases) awarded by the SSA was $2113 per month.

9. Although he remained unable to work at any occupation, as recognized by the SSA, LINA terminated his LTD benefits as of February 15, 2018. At that

time, the definition of disability under the LTD policy that applied to Morgan transitioned to an "any occupation" definition.  The policy's any occupation definition is as follows:

> "An employee is considered disabled if, solely due to injury or sickness, he or she is
>
> 1) unable to perform the material duties of any occupation for he or she is, or may reasonably become, qualified for based on education, training, or experience, and
> 2) unable to earn 80% or more of his or her Indexed Earnings."

10. LINA sent Morgan a letter dated December 15, 2017, notifying him that his LTD benefits would be terminated as of February 15, 2018 because, according to LINA, Morgan did not meet the policy's any occupation definition of disability. LINA contended that Morgan could work as a tool programmer or design technician and earn 80% or more of his pre-disability earnings.

11.  Morgan timely appealed LINA's denial.  With his appeal he pointed out the inaccuracies in LINA's decision-making process and LINA's failure to afford proper weight to the decision by the SSA.  He reminded LINA that he had worked as a machinist for 37 years and did not have the education, training, or experience to work at the highly technical vocations proposed by LINA.

12.   Despite the medical and vocational evidence of his continued disability, and the finding of an "any occupation" disability by SSA, LINA denied his appeal by letter dated July 2, 2018, indicating that he was capable of returning to full-time work as a Repair, Order Clerk as of February 15, 2018.

13. Exercising his right to submit a second administrative appeal under the policy, Morgan timely appealed the July 2, 2018 adverse benefit determination. With his appeal he submitted the records that were submitted to, or generated by, the SSA during its review of Morgan's Social Security disability claim. Despite this additional information, LINA maintained its denial of further benefits to Morgan. LINA provided written notice of its decision by letter dated December 18, 2018. In the letter, LINA advised Morgan that he had exhausted his administrative levels of appeal and his only remaining avenue of redress was to file suit under section 502(a) of ERISA.

**Exhaustion of Appeal Requirements**

14. Morgan exhausted his appeal rights as required by the policy and ERISA claims regulations.

**LINA's Decision Was Contrary to a Preponderance of the Evidence, or, in the Alternative, Was an Abuse of Discretion**

15. If the standard of review of LINA's decision is determined to be de novo, the default standard of review for ERISA benefit denials, then LINA's decision to terminate Morgan's LTD benefits was contrary to the preponderance of the evidence. If LINA is found to have been granted proper discretionary authority by the plan that allows for an abuse of discretion standard of review, LINA's decision to terminate Morgan's LTD benefits was an abuse of that discretion.

16. In the alternative, even if there is language in the policy or plan-related documents that is interpreted to grant LINA discretion, such discretionary language is unenforceable as to Morgan's claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

17. Morgan's LTD benefits should have continued after February 15, 2018. His LTD benefit before the application of any offset is $3,350.00 per month. The base disability benefit received from the SSA is an applicable offset. Morgan's base Social Security disability benefit was $2113 per month. As a result, his net monthly LTD benefit from LINA after the SS offset is $1237.

18. Since LINA's decision to terminate Morgan's LTD benefits resulted in LINA saving money, as the carrier was both the decision-maker and the underwriter of benefits, LINA acted under a conflict of interest when it decided to terminate Morgan's LTD benefits and upheld the termination decision after two appeals. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not LINA abused its discretion.

## IV. CAUSE OF ACTION UNDER ERISA

### Claim for Disability Benefits

19.  Since LINA wrongfully terminated Morgan's LTD benefits beginning February 15, 2018, Morgan seeks to recover his disability benefits from February 15, 2018 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V.  RELIEF REQUESTED

20. Morgan is entitled to LTD benefits in the amount of $1237 per month beginning February 15, 2018.   As of February 15, 2019, Morgan is entitled to the sum of $14,844 in back benefits ($1237 x 12 months).  Morgan requests these back benefits as well as additional monthly benefits that accrue after February 15, 2019 but during the pendency of this litigation at the rate of $1237 per month.

## VI.  ATTORNEY'S FEES

21.  Morgan requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Morgan requests back benefits in the amount of $14,844 plus monthly disability benefits that accrue after February 15, 2019 but while this case is pending at the rate of $1237 per month.  He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Lyndon Morgan**

8